## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                    Case No. 06-mc-068-JD

<u>Steven Wilson</u>

### REPORT AND RECOMMENDATION

This case involves a petition to enforce an Internal Revenue Service (IRS) Summons brought pursuant to the provisions of 26 U.S.C. §§ 7402(b) and 7604(a).

The summons was issued to taxpayer Steven Wilson seeking to have him testify and produce all documents and records in his possession or control concerning assets, liabilities or accounts held in his name or for his benefit or in which he has an interest for the period January 1, 2006 to July 31, 2006. The summons directed taxpayer to appear on August 17, 2006 at 9:30 a.m. Taxpayer did not appear and has not complied with the summons. The records sought are not in the possession of the IRS, all administrative steps have been taken, and the taxpayer's testimony and records are necessary to determine tax liability. (Exhibit A attached to Petition to Enforce).

The taxpayer personally appeared <u>pro se</u> in response to the

Order to Show Cause and filed no responsive pleading of any type.

DISCUSSION

In order to enforce its summons the IRS must show:  (1) that the summons was issued for a legitimate purpose; (2) that the information sought may be relevant to that purpose; (3) that the information is not already in the IRS' possession; and (4) that the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964); United States v. LaSalle National Bank, 437 U.S. 298, 313-314 (1978).  The IRS generally makes this showing a prima facie case on these four elements through the affidavit or declaration of the agent. United States v. Sancetta, M.D., P.C., 788 F.2d 67, 71 (2nd Cir. 1986); United States v. Garden State National Bank, 607 F.2d 61, 68 (3rd Cir. 1979); United States v. Will, 671 F.2d 963 (6th Cir. 1982).

The burden is then upon the taxpayer to show that the summons is invalid or enforcement would be an abuse of the Court's process.  United States v. Powell, 379 U.S. at 58; United States v. LaSalle National Bank, 437 U.S. at 316.  The respondent must prove specific facts to support a legally sufficient

rebuttal or defense.  See United States v. KIS, 658 F.2d 526, 536-539 (7th Cir. 1981), cert. denied sub nom., Salkin v. United States, 455 U.S. 1018 (1982).

The taxpayer has not disputed any of the government's prima facie case.  In fact, Steven Wilson stated that he does not seek to avoid his taxes but did not receive the summons taped to his door.  Under the summons Steven Wilson was required to produce only documents ". . . you possess or control. . ."  The government has met its burden.  The defendant has not met his burden.

It is recommended that the taxpayer, Steven Wilson, be ordered to obey the summons and that he be ordered to appear on March 26, 2007 at 10:00 a.m. at 195 Commerce Way, Suite B, Portsmouth, New Hampshire, before J. L. Shing, to give testimony and produce all books and records in his possession or control required and called for by the terms of the summons of July 25, 2006.

It is further recommended that the government be awarded its costs.

Any objections to this report and recommendation must be filed within ten days of receipt of this notice.  Failure to file

3

objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

*/s/ James R. Muirhead*
James R. Muirhead
United States Magistrate Judge

Date:  February 13, 2007

cc:    T. David Plourde, Esq.
       Steven Wilson